STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT, PROVIDENCE COUNTY

| | |
|---|---|
| SPINNAKER GROUP, INC., | |
| Plaintiff, | |
| V. | C.A.: PB 2006 - 3324 |
| JEFFERSON AT PROVIDENCE PLACE APARTMENTS, L.P, | |
| Defendant. | |

COMPLAINT FOR MONEY DAMAGES

Parties and Jurisdiction

1. The plaintiff is Spinnaker Group, Inc. ("Spinnaker"), a Massachusetts corporation with a principal place of business at 132 Central Street, Suite 216, Foxboro, Massachusetts.

2. Spinnaker is a real estate brokerage company, and Andrew Kushner, principal broker of Spinnaker, is licensed to sell real estate in the State of Rhode Island, under brokerage license number B13986. Kushner also is licensed to sell real estate in the Commonwealth of Massachusetts and Connecticut.

3. The defendant is Jefferson at Providence Place Apartments, L.P. ("JPP"), a Delaware limited partnership with a principal place of business in Dallas, Texas.

4. This Honorable Court has personal jurisdiction over the defendant pursuant to R.I.G.L. 9-1-33, the Long Arm Statute, so-called, subject matter jurisdiction under 8-2-14 and venue is proper by virtue of 9-4-5.

Facts

5. Prior to October of 2005, Kinsley Harris LLC, a Delaware limited liability company ("KH"), with a principal place of business at One Park Row, Providence, Rhode Island, was the record owner of certain property located in Providence, Rhode Island at Providence Place and Harris Avenue, depicted in Providence Tax Assessor's Plat 26, Lot 367, (f/k/a Lots 117, 201, 258 and 319) (the "Land").

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2006 AUG 11 A 9:43

6. Prior to October of 2005, JPP, pursuant to a ground lease with KH, was the lesser of the Land and was the owner of all improvements therein, including an apartment building containing approximately 330 units (the "Property').

7. In February of 2004, Spinnaker learned that JPP was interested in marketing the Property for sale. Shortly thereafter, Spinnaker contacted JPP and advised JPP that it was aware of a person that might be interested in purchasing the Property. JPP stated that it was interested in learning the identity of the potential buyer from Spinnaker and that it was interested in selling the Property.

8. On or about March 2, 2004, JPP sent Spinnaker a form confidentiality agreement which permitted Spinnaker and/or its potential buyer of the Property to review confidential and/or proprietary business information concerning the Property "in order to evaluate it for purchasing." JPP instructed Spinnaker to insert the name of the interested, potential buyer of the Property into the form agreement.

9. On or about March 4, 2004, Spinnaker returned to JPP the form confidentiality agreement, into which Spinnaker inserted the name "Charles Montague Associates, LLC or its designee." The confidentiality agreement expressly contemplated that JPP would provide Charles Montague Associates, LLC or its designee" with non-public information about the Property.

10. Charles Montague, Assoc. LLC is a limited liability company organized under the laws of the State of Rhode Island, in the business of "investments." Its manager, according to an annual report, is Mr. Joseph Paolino, former Mayor of Providence.

11. On or about March 4, 2004, Spinnaker and JPP entered into another agreement which stated, in pertinent part: "Spinnaker ... has introduced Charles Montague Assoc., LLC or designee to the subject property. Should Charles Montague, Assoc. LLC or designee, its subsidiaries, principals or assigns purchase the subject property a commission will be paid by Jefferson at Providence Place LLC to Spinnaker Group. The commission shall be equal to .75% of the total purchase price ... at the time of closing."

12. On or about April 5, 2004, JPP sent by electronic mail and facsimile confidential financial information and floor plans about the Property to Spinnaker. The information was sent to Spinnaker for the purpose of being shown to the potential buyer.

13. On or about April 8, 2004, Mr. Paolino toured the Property personally with a property manager employed by, or associated with, JPP.

14. On or about April 19, 2004, Spinnaker, Mr. Paolino and certain of Mr. Paolino's business associates met with JPP representatives to discuss a potential sale of the Property.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

15. Prior to the date of tour described in paragraph 12, and the meeting described in paragraph 13, no agent, employee and/or representative of JPP (other than Spinnaker) had ever met, or spoken with, Mr. Paolino or any other person associated with Charles Montague Assoc, LLC concerning the potential sale of the Property.

16. In 2004 and 2005, Spinnaker met with agents, employees and/or representatives of JPP to discuss Mr. Paolino's interest in acquiring the Property.

17. In April of 2005, Spinnaker communicated with JPP concerning Mr. Paolino's continued interest in purchasing the Property.

18. On information and belief, on or about June 7, 2005, The Athena Group, LLC, a limited liability company headquartered in New York, New York, entered into a contract of sale to purchase the Property from JPP. The agreement contemplated a sale to Athena Group or "a nominee thereof."

19. On information and belief, on or after June 7, 2005, The Athena Group, LLC assigned any and all rights it would or later did acquire in the Property to an entity known as Athena-Providence Place, LLC. Mr. Paolino, Charles Montague Associates, LLC, and/or another entity in which Mr. Paolino has or had an interest, invested money in, and/or became a part-owner of, Athena Providence Place, LLC.

20. On information and belief, Mr. Paolino, Charles Montague Associates, LLC and/or another entity in which Mr. Paolino has or had an interest, agreed to become a part-owner of the Property prior to June 7, 2005.

21. On information and belief, Mr. Paolino, Charles Montague Associates, LLC and/or another entity in which Mr. Paolino has or had an interest, invested money in an entity which became the owner of the Property.

22. Mr. Paolino, Charles Montague Associates, LLC and/or another entity in which Mr. Paolino has or had an interest, purchased, in whole and/or in part, the Property.

23. On information and belief, the purchase of the Property by Athena Group, LLC, Mr. Paolino, Charles Montague Associates, LLC and/or an entity in which Mr. Paolino has or had an interest, in whole and/or in part, closed in or about October 2005.

24. At some point prior to October 2005, CB Richard Ellis, the national real estate broker firm, acquired the right to market the Property for sale.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

25. On October 18, 2005, CB Richard Ellis. issued a press release "on behalf of Jefferson at Providence Place." The press release stated, in pertinent part, as follows:

(a) ..."apartment community sold to a joint venture between the Athena Group and Paolino for $65,000,000.

(b) ..."the buyer, a joint venture between the Athena Group and Paolino Properties..."

26. Spinnaker's communications with JPP concerning Mr. Paolino's and/or Charles Montague Associates, LLC's interest in the Property were a procuring cause of the eventual purchase described above in paragraph 24.

27. Spinnaker has sent JPP and/or its counsel at least two letters demanding an amount "equal to .75% of the total purchase price ... at the time of closing." Despite these demands, JPP has refused to pay the compensation requested.

COUNT I (BREACH OF CONTRACT)

28. Paragraphs 1-27 are restated as if fully set forth herein.

29. There was a contract between JPP and Spinnaker; supported by mutual consideration, concerning the payment of a commission to Spinnaker in event of a sale of the Property to "Charles Montague, Assoc. LLC or designee, its subsidiaries, principals or assigns."

30. JPP actions, in refusing to pay Spinnaker an amount "equal to .75% of the total purchase price ... at the time of closing," constitute a breach of contract.

31. JPP's actions have caused Spinnaker monetary loss.

COUNT II (UNJUST ENRICHMENT)

32. Paragraphs 1-31 are restated as if fully set forth herein.

33. Spinnaker provided valuable services to JPP.

34. Spinnaker's services resulted in a benefit to JPP, to wit, the sale of the Property to Mr. Paolino, Charles Montague Associates, LLC and/or an entity in which Mr. Paolino and/or Charles Montague Associates, LLC has or had an interest.

35. Spinnaker is entitled to the reasonable value of its services from JPP.

36. Despite Spinnaker's entitlement to the reasonable value of its services, JPP is willfully refusing to pay Spinnaker a fee.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

37. In refusing to pay Spinnaker a fee, JPP is being unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Spinnaker Group, Inc., respectfully asks this Honorable Court:

1. To award Spinnaker all of its monetary damages, including, but not limited to, an amount "equal to .75% of the total purchase price ... at the time of closing."

2. To award Spinnaker its costs of litigation, including, but not limited to, its reasonable attorneys fees and

3. To award Spinnaker such other and further relief as this honorable Court deems just under the law, including, but not limited to, all interest allowable under state law.

## JURY DEMAND

The Plaintiff, Spinnaker Group, Inc., respectfully requests a trial by jury on all issues so triable.

By its counsel:

/S/

Paul Izzo, Esquire
Bar Number 3579
37 Manomet Road
Sharon, MA 02067
(781) 784-3215

Heath S. Comley, Esquire
Bar Number 3932
One Ship Street
Providence, RI 02903
(401) 331-5505

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island