**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SPINNAKER GROUP, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEFFERSON AT PROVIDENCE PLACE APARTMENTS, L.P.,**<br><br>**Defendant.** | ) | **CIVIL ACTION NO. 06-368-ML** |

# ANSWER

Parties and Jurisdiction

1. Admitted.

2. Defendant Jefferson at Providence Place, LLP ("JPP") lacks sufficient knowledge or information to admit or deny the allegations of this Paragraph. To the extent that a response is required, JPP denies the allegations of this Paragraph and calls upon Plaintiff to prove same.

3. Admitted.

4. The allegations of this Paragraph state conclusions of law to which no response is required. To the extent that a response is required, JPP calls upon Plaintiff to prove same.

Facts

5. Admitted.

6. JPP denies that it was a "Lesser of the Land." Except as aforesaid, the allegations of this paragraph are admitted.

7. JPP lacks sufficient knowledge or information to admit or deny the allegations contained in the first sentence of this Paragraph. To the extent that a response is required, JPP denies the allegations of this sentence and calls upon Plaintiff to prove same. JPP denies

the remaining allegations of this Paragraph, including the allegation that Plaintiff contacted JPP in or about February of 2004.

8. Admitted.

9. Admitted.

10. JPP lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained within this Paragraph, and therefore, calls upon Plaintiff to prove same.

11. JPP does not, to its knowledge, possess an executed copy of the referenced document. Nor does anyone at JPP recall executing said document. JPP, therefore, calls upon Plaintiff to prove the allegations contained within this Paragraph.

12. Admitted.

13. JPP lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained within this Paragraph, and therefore, calls upon Plaintiff to prove same.

14. JPP cannot, at present, confirm the date upon which any of its representatives met with Joseph Paolino, Jr. ("Paolino"), although at least one such meeting took place. Except as aforesaid, the allegations of this Paragraph are denied.

15. Admitted.

16. JPP cannot, at present, confirm the date upon which any of its representatives met with Paolino, although at least one such meeting took place. Except as aforesaid, the allegations of this Paragraph are denied.

17. JPP lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained within this Paragraph, and therefore, calls upon Plaintiff to prove same.

18. Admitted. Further answering, JPP states that neither Plaintiff, nor Mr. Paolino were the procuring cause of Athena Group, LLC's agreement to purchase the Property.

19. JPP admits that The Athena Group, LLC assigned its right s in the Property to Athena Providence Place (Leasehold), LLC. With regard to the remaining allegations of this Paragraph, JPP lacks knowledge or information sufficient to form a belief as to the truth or falsity thereof, and calls upon Plaintiff to prove same. Except as aforesaid, the allegations of this Paragraph are denied.

20. JPP lacks knowledge or information sufficient to form a belief as to the truth or falsity thereof, and calls upon Plaintiff to prove same. Except as aforesaid, the allegations of this Paragraph are denied.

21. JPP lacks knowledge or information sufficient to form a belief as to the truth or falsity thereof, and calls upon Plaintiff to prove same. Except as aforesaid, the allegations of this Paragraph are denied.

22. JPP denies that Mr. Paolino or Charles Montague Associates, LLC became the owner of Property. JPP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and calls upon Plaintiff to prove same. Except as aforesaid, the allegations of this Paragraph are denied.

23. JPP admits that the sale of the Property to the Athena Group, LLC and the transfer of the Property to Athena's nominee -- Athena Providence Place (Leasehold), LLC -- occurred in or about October 2005. Except as aforesaid, JPP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this Paragraph and calls upon Plaintiff to prove same. Except as aforesaid, the allegations of this Paragraph are denied.

24. JPP admits that CB Richard Ellis/Whittier Partners was its broker for the sale of the Property. Except as aforesaid, the allegations of this Paragraph are denied.

25. JPP denies that the October 28, 2005 press release referenced in this Paragraph was issued with the approval of, or "on behalf of Jefferson at Providence Place." Further answering, JPP states that the document referenced speaks for itself. In any event, JPP denies that the Property was sold to a "joint venture between the Athena Group and Paolino." JPP's contract to sell Property was with Athena Group, LLC. Except as aforesaid, the allegations of this Paragraph are denied.

26. JPP denies the allegations of this Paragraph and calls upon Plaintiff to prove same.

27. JPP acknowledges receiving letters from Spinnaker's counsel, to which counsel for JPP responded in due course. JPP has refused to pay any money to Spinnaker because Spinnaker is not legally entitled to be paid any monies by JPP. Except a aforesaid, the allegations of this Paragraph are denied.

COUNT I (BREACH OF CONTRACT)

28. JPP restates, and incorporates herein by reference, its responses to Paragraphs 1-27, above.

29. JPP does not, to its knowledge, possess an executed copy of the referenced document. Nor does anyone at JPP recall executing said document. JPP, therefore, calls upon Plaintiff to prove the allegations contained within this Paragraph.

30. Denied.

31. Denied.

COUNT II (UNJUST ENRICHMENT)

32. JPP restates, and incorporates herein by reference, its responses to Paragraphs 1-31, above.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiff's Complaint fails to state claims upon which relief may be granted.

Second Affirmative Defense

Plaintiff was not the efficient or procuring cause of the sale of the Property to The Athena Group, LLC or its nominee and Plaintiff's claims are, therefore, barred as a matter of law.

Third Affirmative Defense

Assuming, arguendo, that a valid contract existing between Plaintiff and JPP, Plaintiff did not procure a prospective purchaser who was ready, willing and able to purchase the Property on JPP's terms and at JPP's price. Plaintiff's claims are, therefore, barred.

Fourth Affirmative Defense

Plaintiff's claims are barred because, even if, *arquendo*, the Agreement referenced in the Complaint were enforceable against JPP, none of the conditions precedent for payment to Plaintiff under the Agreement (including, without limitation, a sale of the Property to "Charles Montague Assoc., LLC or [its] designee, its subsidiaries, principals or assigns") has occurred.

Fifth Affirmative Defense

Plaintiff's claims are barred by the applicable Statute of Frauds.

Sixth Affirmative Defense

JPP has already paid a broker's commission to CB Richard Ellis/Whittier Partners, the broker that procured the purchaser of the Property.

Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

Eighth Affirmative Defense

Venue of this action is not convenient in the District of Rhode Island.

Ninth Affirmative Defense

JPP reserves the right to assert additional affirmative defenses based upon its investigation of Plaintiff's claims and the results of discovery in this action.

Respectfully submitted,

/s/ Charles D. Blackman

Charles D. Blackman (#5522)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
Telephone: (401) 274-2000
Facsimile: (401) 277-9600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served this 25th day of August, 2006, by first-class mail, postage prepaid and correctly addressed, upon:

Heath S. Comley, Esq.
The Law Office of Heath S. Comley
One Ship Street
Providence, RI 02909

Paul Izzo, Esq.
37 Manomet Road
Sharon, MA 02067

/s/ Charles D. Blackman