**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SPINNAKER GROUP, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **V.** | ) | **Case Number 06-368-ML** |
| **JEFFERSON AT PROVIDENCE PLACE APARTMENTS, L.P,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S PRETRIAL SUMMARY**

## 1. Summary of Action

This is a breach of contract case. The plaintiff is a real estate services firm. The defendant owned a large apartment building in Providence. In 2004, defendant decided to market the building for sale. Plaintiff learned of defendant's plans and reached out to introduce defendant to an interested purchaser. The parties agreed that plaintiff would get an agreed, 0.75% commission if the interested purchaser bought the building. Later, the interested purchaser did, indeed, acquire the building in partnership with another entity. Defendant now is denying plaintiff its commission on the theory that the purchaser did not acquire a 100% interest in the building. Defendant's position is not supported by the law and is manifestly unfair.

## 2. Facts

Plaintiff Spinnaker Group, Inc. ("Spinnaker") is a real estate services firm managed by Andrew Kushner ("Kushner"), a Cranston native with much experience in the Rhode Island real estate market. The defendant is Jefferson at Providence Place Apartments, L.P. ("JPP"), a Delaware limited partnership based in Dallas, Texas.

At all relevant times, JPP leased a plot of land near the Providence Place Mall from a third-party. JPP owned and operated on the land a large apartment building containing approximately 330 units (the "Property").

In February of 2004, Spinnaker learned that JPP wanted to sell the Property. Shortly thereafter, Kushner contacted and told JPP that it knew a person that might be interested in buying the Property. JPP confirmed its plan to sell the Property and stated that it was interested in learning the identity of the potential buyer from Spinnaker.

In March of 2004, JPP and Spinnaker signed a form confidentiality agreement that permitted Spinnaker and/or its potential buyer to review confidential business information about the Property "in order to evaluate it for purchasing." The name of the buyer inserted into the form was "Charles Montague Associates, LLC or its designee." Charles Montague, Assoc. LLC is a limited liability company owned and managed by Joseph Paolino, former Mayor of Providence. In its Answer, JPP admits that it did not know Mr. Paolino, or know of his interest in the Property, before the introduction.

On or about March 4, 2004, Spinnaker and JPP entered into another agreement that provided, in pertinent part: "Spinnaker … has introduced Charles Montague Assoc., LLC or designee to the subject property. Should Charles Montague, Assoc. LLC or designee, its subsidiaries, principals or assigns purchase the subject property a commission will be paid by Jefferson at Providence Place LLC to Spinnaker Group. The commission shall be equal to .75% of the total purchase price … at the time of closing."

Over the next several weeks and months, Kushner, Paolino and JPP held several meetings to discuss a possible sale. They toured the building and exchanged proposals. Well into the spring of 2005, Kushner conferred with JPP about a possible purchase by Paolino.

In the latter part of the spring, 2005, a New York real estate company, The Athena Group, and Mr. Paolino discussed a possible joint purchase of the Property. That summer, the parties agreed in principle on the purchase. The actual sale was delayed by the filing of a state court action commenced to adjudicate whether certain tax benefits would flow from the sellers to the buyers. In the fall of 2005, the state court tax action was resolved favorably to the buyers, whereupon the sale closed.

On October 18, 2005, CB Richard Ellis issued a press release "on behalf of Jefferson at Providence Place." The press release stated, in pertinent part, as follows:

(a) …"apartment community sold to a joint venture between the Athena Group and Paolino for $65,000,000."

(b) …"the buyer, a joint venture between the Athena Group and Paolino Properties…"

Shortly after the sale was announced, Kushner contacted JPP to request his commission. Remarkably, JPP declined to pay him, and instead claimed that Mr. Paolino did *not* buy the property. JPP claimed that an entity called The Athena Group, LLC bought the property. It is believed that the Property then was assigned to a "nominee" – Athena Providence Place (Leasehold) LLC, an entity in which Mr. Paolino has an interest. According to JPP, this course of events did not give Spinnaker a right to its fee.

Assuming the building sold for approximately $65 million, Spinnaker's fee should total approximately $487,500.

**3. Legal Issues**

The key legal issue is whether the seller can avoid paying a commission in these circumstances merely because the prospective customer introduced by Spinnaker bought the property in partnership with another. Courts have addressed this issue, and the majority rule is that compensation is not affected by the fact that the customer introduced to the seller became associated with others in the purchase of the property.

The defendant's answer raises the Statute of Frauds. Assuming, arguendo, that the statute applies in this case, there were writings between the parties establishing plaintiff's role in the transaction and thereby its right to a commission. Moreover, it is admitted that that plaintiff did what it agreed to do – that is, introduce Mr. Paolino to the defendant.

The defendant may argue that Spinnaker's actions were not a "procuring cause" of the sale. If Spinnaker is required to demonstrate that its actions were a "procuring cause" of the sale, Spinnaker will offer ample evidence that it moved the property's sale toward its eventual conclusion.

**4. Conclusion**

This is a simple but extraordinary case. There is no dispute that Spinnaker introduced the defendant to Mr. Paolino. It appears that Mr. Paolino became a part owner of the building in what appears to have been a "paper transaction" with the buyer's nominee. Nevertheless - and despite a press release announcing Mr. Paolino's acquisition of the property – the defendant refuses to pay Spinnaker its fee on the grounds that Mr. Paolino did *not* buy the property. This argument, if accepted, would create a potential loophole through which a seller could avoid paying a real estate professional its due compensation.

By its counsel:

______________________

Paul Izzo, Esquire
Bar Number 3579
37 Manomet Road
Sharon, MA 02067
(781) 784-3215

______________________

Heath S. Comley, Esquire
Bar Number 3932
One Ship Street
Providence, RI 02903
(401) 331-5505

**CERTIFICATE OF SERVICE**

Counsel set forth below hereby certifies that a true and correct copy of the foregoing was mailed on this __ day of October, 2006, to the following counsel of record for the Defendant:

Charles Blackman, Esquire
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903