**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SPINNAKER GROUP, INC., Plaintiff, | CIVIL ACTION NO. 06-368-ML |
| v. | REMOVED FROM |
| JEFFERSON AT PROVIDENCE PLACE APARTMENTS, L.P. Defendant. | RHODE ISLAND SUPERIOR COURT FOR PROVIDENCE COUNTY State Court P.B. No 06-0356 |

**DEFENDANT'S LOCAL RULE 16(c) STATEMENT OF AFFIRMATIVE DEFENSE**

Pursuant to U.S. District Court of Rhode Island Local Rule 16(c), Defendant Jefferson at Providence Place Apartments, L.P. ("JPP") hereby submits its Statement of Affirmative Defense.

## I. FACTUAL BACKGROUND

Plaintiff Spinnaker Group, Inc. ("Spinnaker") alleges that, on or about March 4, 2004, it entered into letter agreement (the "Letter Agreement") with JPP,[1] which Letter Agreement provided that Spinnaker would be entitled to a commission, to be paid by JPP, if the property known as Jefferson at Providence Place Apartments (the "Property") were sold to Charles Montague, Assoc., LLC, or a principal thereof, Charles Montague, Assoc., LLC having been introduced to JPP by Spinnaker. More specifically, the purported Letter Agreement states, in pertinent part, as follows:

> Spinnaker Group has introduced Charles Montague, Assoc., LLC or a designee to the subject property. Should Charles Montague, Assoc., LLC or designee, its subsidiaries, principals or assigns purchase the subject property a commission will be paid by Jefferson at Providence Place, LLC to Spinnaker Group.

[1] JPP has no executed version of said Letter Agreement in its file, nor does anyone at JPP recall executing the Letter Agreement on behalf of JPP.

Spinnaker's buyer, Charles Montague, Assoc., LLC, by and through one Joseph Paolino, Jr., made several offers to purchase the Property, but was never able to meet JPP's terms. Accordingly, Spinnaker did not procure – in Charles Montague, Assoc., LLC and/or Mr. Paolino – a prospective purchaser who was ready, willing and able to purchase the Property on the seller's terms and at the seller's price.

JPP engaged CB Richard Ellis - Whittier Partners (now CB Richard Ellis – N.E. Partners, and hereinafter "CBRE") to market the Property. JPP received – as a result of the efforts of CBRE – an offer from The Athena Group, LLC, which offer was accepted. It is undisputed that Spinnaker did not introduce The Athena Group, LLC, to JPP; that Spinnaker did not cause The Athena Group, LLC, to inspect the property; and that Spinnaker did not conduct any negotiations concerning the sale of the Property to The Athena Group, LLC. Plaintiff's counsel has, in fact, admitted that JPP "advised Spinnaker that it was considering another offer, apparently from the Athena Group. Shortly thereafter, Mr. Paolino and Athena got together and began forming a partnership."

On or about June 7, 2005, JPP entered into a Contract of Sale for the Property with The Athena Group, LLC. Documents on record at the Office of the Secretary of State for the State of Rhode Island demonstrate that neither Charles Montague, Assoc., LLC nor Mr. Paolino had an interest in The Athena Group, LLC, at the time The Athena Group, LLC, made the offer (on or about November 4, 2004) which was ultimately accepted by JPP and memorialized in the Contract for Sale of the Property entered into by JPP and The Athena Group, LLC, on June 7, 2005.

It appears that Spinnaker's entire claim is premised upon an October 28, 2005 press release by CBRE concerning the sale of the Property, in which CBRE allegedly suggested that

the Property was "sold to a joint venture between the [sic] Athena Group and Paolino for $65,000,000" and that "the buyer [was] a joint venture between the [sic] Athena Group and Paolino Properties." However, JPP denies that the October 28, 2005 press release was issued with the approval of, or "on behalf of Jefferson at Providence Place." Moreover, the uncontroverted evidence demonstrates that the sale of the Property was to The Athena Group alone.

## II. LEGAL ANALYSIS

It is well settled in Rhode Island that a real estate broker earns its commission when he or she is the procuring cause of the sale of the subject property. See, e.g., Griffin v. Zapata, 570 A.2d 659, 663 (R.I. 1990)(quoting Rustigian v. Celona, 478 A.2d 187, 190 (R.I. 1984)(citing Gettler v. Caffier, 92 R.I. 19, 22, 165 A.2d 730, 732 (1960) and Judd Realty, Inc. v. Tedesco, 400 A.2d 952, 955 (R.I. 1979))("A broker is the effective agent, or the procuring cause [of a sale], when he is the first broker to interest the prospective purchaser in the property, when he causes such purchaser to inspect or view the property, and when he conducts negotiations concerning a sale thereof with the prospective purchaser… A broker has sufficiently performed and is entitled to compensation when he or she has produced a prospective purchaser who is ready, willing, and able to purchase [the property] *at the price and terms of the seller*.") (emphasis added). A broker has the burden of proving by a preponderance of the evidence that he produced a buyer who was ready, willing, and able to buy on the seller's terms. Judd Realty, Inc., 400 A.2d at 956. In addition, whether a broker is deemed to have earned its commission is determined *at the time the parties enter into a binding contract for purchase and sale*. 12B Karl B. Holtzschue *et al.*, *Purchase and Sale of Real Property* § 25.04, at 25-62 (2002)(emphasis added); see also Judd Realty, Inc., 400 A.2d at 956.

Consideration of the factors enumerated by Griffin, Rustigian, *et al.* demonstrates that Spinnaker is not entitled to a commission on the sale of the Property. As an initial matter, Spinnaker's buyer, Charles Montague, Assoc., LLC, was never able to meet JPP's terms; accordingly, Spinnaker did not procure – in Charles Montague, Assoc., LLC – a prospective purchaser who was ready, willing and able to purchase the Property on the seller's terms and at the seller's price.

In addition, the uncontroverted evidence also demonstrates that Spinnaker was not the procuring cause of the sale of the Property to The Athena Group, LLC. After negotiations with Charles Montague, Assoc., LLC/Mr. Paolino were unsuccessful, JPI received – as a result of the efforts of CBRE – an offer from The Athena Group, LLC, which offer was accepted. It is undisputed that Spinnaker did not introduce The Athena Group, LLC, to JPI; that Spinnaker did not cause The Athena Group, LLC, to inspect the property; and that Spinnaker did not conduct any negotiations concerning the sale of the Property to The Athena Group, LLC. Even assuming, *arguendo*, that Mr. Paolino entered into some form of arrangement with The Athena Group, Plaintiff's counsel has admitted that Mr. Paolino did not do so until after JPP received The Athena Group's offer. Accordingly, there was no causal connection between actions taken by Spinnaker and the consummation of the sale of the Property.

Respectfully submitted,

/s/ Charles D. Blackman

Charles D. Blackman (#5522)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
Telephone: (401) 274-2000
Facsimile: (401) 277-9600

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served this 19th day of October 2006, by first-class mail, postage prepaid and correctly addressed, upon:

Heath S. Comley, Esq.
The Law Office of Heath S. Comley
One Ship Street
Providence, RI 02909

Paul Izzo, Esq.
37 Manomet Road
Sharon, MA 02067

/s/ Charles D. Blackman
________________________________________